**BLD-016**                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2352
_____

RONALD TSOSIE,
                              Appellant

v.

ANGELA DUNBAR; B. SULLIVAN; D. MRAD; BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-02104)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2012

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 15, 2012)
_____

OPINION
_____

PER CURIAM

Ronald Tsosie appeals pro se from a District Court order granting defendants'

motion to dismiss or, in the alternative, motion for summary judgment.  Because the

appeal presents no substantial question, we will summarily affirm the District Court's order.

Tsosie, an inmate currently incarcerated at the Special Management Unit of the United States Penitentiary at Lewisburg, filed a civil rights complaint against officers of the Bureau of Prisons ("BOP") in their official and individual capacities. In his complaint, he alleged that the defendants deprived him of his property and mattress for fourteen hours and deliberately ignored his medical conditions while he was incarcerated at the United States Penitentiary at Canaan ("USP-Canaan"). Tsosie's first request for appointment of counsel was denied without prejudice, and Tsosie subsequently filed a petition for writ of mandamus to have a United States Attorney appointed to represent him. The District Court granted the defendants' motion to dismiss insofar as the complaint sought damages from the BOP and the individual defendants in their official capacities, finding that these defendants are shielded by sovereign immunity. The District Court then granted summary judgment in favor of the individual defendants in their individual capacities, on the ground that Tsosie failed to raise any genuine issues of material fact to support his Eighth Amendment claims.

On appeal, Tsosie raises eleven points, mostly relating to the District Court's treatment of the factual assertions in his opposition to defendants' motion for summary judgment. He also states that the District Court failed to dispose of his Fifth Amendment

procedural due process claim and his petition for a writ of mandamus requesting appointment of counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's order granting a motion to dismiss for failure to state a claim is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Our review of a district court's order granting summary judgment is also plenary. Kreimer v. Bureau of Police, 958 F.2d 1242, 1250 (3d Cir. 1992). Summary judgment may be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We will summarily affirm a district court's order if an appeal presents no substantial question. See I.O.P. 10.6.

## III.

We will summarily affirm the District Court's order granting the defendants' motion to dismiss or, in the alternative, motion for summary judgment. First, as the District Court noted, Tsosie's claims against the defendants in their official capacities are barred by the doctrine of sovereign immunity. See Becton Dickinson & Co. v.

3

Wolckenhauer, 215 F.3d 340, 345 (3d Cir. 2000) ("It is black letter law that the United States cannot be sued without the consent of Congress.") (internal citation omitted). Second, the District Court correctly dismissed Tsosie's claims for injunctive or declaratory relief as moot because he had been transferred from USP-Canaan to another facility. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993) (finding that "the district court could not provide [the litigant] with meaningful relief by entering an injunctive order respecting the [prison] in which [the litigant] no longer was incarcerated."). We also agree with the District Court's grant of summary judgment in favor of the defendants in their individual capacities because the evidence on the record does not give rise to a genuine dispute of material fact regarding whether Dunbar or Sullivan deliberately delayed Tsosie's medical treatment for non-medical reasons. See Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993) ("[D]eliberate indifference could exist in a variety of different circumstances, including where knowledge of the need for medical care is accompanied by the intentional refusal to provide that care or where short of absolute denial necessary medical treatment is delayed for non-medical reasons, or where prison authorities prevent an inmate from receiving recommended treatment.") (internal citations and quotations omitted).

IV.

Because Tsosie has raised issues not directly addressed by the District Court's memorandum, we will discuss those briefly here. Although Tsosie's complaint did not specifically invoke the Fifth Amendment Due Process Clause, we will nonetheless review

4

the merits of his procedural due process claim because this Court is under an obligation to give liberal construction to pro se filings.[1] Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). To establish a claim under the Fifth Amendment Due Process Clause, a litigant must show that the government deprived him of a liberty or property interest without providing notice and a meaningful opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it.") (internal citations omitted). Here, even assuming that Tsosie had a constitutionally-protected interest in not having his property temporarily removed from his cell, his claim would fail because he has an adequate postdeprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available).

Lastly, although the District Court did not specifically rule on it, Tsosie's petition for writ of mandamus is also without merit. A litigant will prevail on a petition for writ of mandamus under 28 U.S.C. § 1361 "only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Here, during the early stages of the litigation, Tsosie filed a

---

[1] To the extent that the removal of Tsosie's property for 14 hours might be defined as a search and seizure, we note the settled law that "prisoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells . . . ." Hudson v. Palmer, 468 U.S. 517, 530 (1984).

motion to appoint counsel under 25 U.S.C. § 175, which provides, "[i]n all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." The District Court construed his motion as a motion under 28 U.S.C. § 1915(e)(1), and denied it without prejudice. Tsosie later petitioned the court for a writ of mandamus to compel the United States Attorney's office to represent him pursuant to 25 U.S.C. § 175. However, because 25 U.S.C. § 175 does not impose a mandatory duty on the U.S. Attorney's office, see Siniscal v. United States, 208 F.2d 406, 410 (9th Cir. 1953), Tsosie was not entitled to mandamus relief.

Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.